# UNITED STATES DISTRICT COURT
## IN AND FOR THE SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | | |
|---|---|---|
| LAKEISHA LASHAWN COOPER, | ) | CIVIL NO.  4-05-CV-271-RP-TJS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| CRAIG BIGGS, employee of Iowa | ) | |
| Correctional Institution for Women, | ) | |
| | ) | |
| Defendant. | ) | |

On May 18, 2007, the Court conducted a hearing at which Plaintiff Lakeisha Lashawn Cooper was ordered to appear by the terms of the Court's prior order of May 3, 2007 (Clerk's No. 42).

On May 18, 2007, plaintiff's attorney, Jeffrey M. Lipman, appeared.   Plaintiff did not appear as required by the Court order.

Defendants were present by Assistant Iowa Attorney General William A. Hill.

The Court ordered plaintiff to appear at the hearing on May 18, 2007 because of the inability of plaintiff's attorney to make any type of contact with plaintiff, either in person, telephonically, or by United States mail.   This case, along with the case <u>Boggs v. Biggs</u>, Case No. 4:05-CV-603, arise out of the same general fact issues, and the Court has attempted to schedule trial in these two cases for some period of time.

Based on professional statements made by plaintiff's counsel, and counsel for defendants, the Court was satisfied that without intervention at this point in time, there would be no practical way to determine whether plaintiff intended to prosecute this case pursuant to Fed. R. Civ. P. 41.

At the time of the hearing on May 18, 2007, plaintiff's attorney advised the Court that he had not been able to make type of contact with plaintiff subsequent to the Court's order of May 3, 2007, even though he had attempted to make such contact in a variety of ways.

Also at the May 18, 2007 hearing, Assistant Iowa Attorney General Hill advised the Court that he had spoken with plaintiff's probation officer, who is supervising plaintiff as a result of a conviction in the Iowa state courts, and the state probation officer advised Mr. Hill that there currently was a warrant issued for plaintiff's arrest because of probation violations.

The state probation officer likewise was unable to provide either plaintiff's counsel or defendant's counsel with any current means of contacting plaintiff.    Plaintiff's counsel also advised the Court that he had spoken with plaintiff's mother, and she too confirmed that she had no way of contacting plaintiff at this time.

Because of plaintiff's failure to maintain contact with her attorney Jeffrey M. Lipman, and because of plaintiff's failure to comply with the Court's order of May 3, 2007, the undersigned magistrate judge recommends that this case be dismissed without prejudice pursuant to Rule 41(b), which provides in pertinent part that

> **(b) Involuntary Dismissal:   Effect Thereof.**  For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action ... against the defendant....

Therefore, the undersigned magistrate judge recommends that this case be dismissed without prejudice pursuant to Rule 41(b).

The parties have to and including **June 20, 2007**, to file written objections to this Report and Recommendation, pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained.  <u>Thompson v. Nix</u>, 897 F.2d 356, 357 (8th Cir. 1990); <u>Wade for Robinson</u>

v. Callahan, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997).  Such extensions will be freely granted.  Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections.  See, Fed. R. Civ. P. 72; Thompson, 897 F.2d at 357.  Failure to timely file objections may constitute a waiver of a party's right to appeal questions of fact.  Thomas v. Arn, 474 U.S. 140, 155 (1985); Griffini v. Mitchell, 31 F.3d 690, 692 (8th Cir. 1994); Halpin v. Shalala, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); Thompson, 897 F.2d at 357.

Respectfully submitted,

Date:   May 22, 2007

_____
**THOMAS J. SHIELDS**
**CHIEF U.S. MAGISTRATE JUDGE**